09-5096-ag
Zhang v. Holder

BIA
A075 962 501

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 7ᵗʰ day of September, two thousand ten.

PRESENT:
JON O. NEWMAN,
JOSÉ A. CABRANES,
DENNY CHIN,
        *Circuit Judges.*

_____

XUE BING ZHANG,
        *Petitioner*,

        v.                                      09-5096-ag
                                                NAC
ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:         Lee Ratner, New York, New York.

FOR RESPONDENT:         Tony West, Assistant Attorney
                        General; Michelle Gorden Latour,
                        Assistant Director; Matt A. Crapo,
                        Trial Attorney, Office of Immigration
                        Litigation, United States Department
                        of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED, that the petition for review is DENIED.

Petitioner Xue Bing Zhang, a native and citizen of China, seeks review of a November 18, 2009 order of the BIA denying her motion to reconsider and reopen. *In re Xue Bing Zhang*, No. A075 962 501 (B.I.A. Nov. 18, 2009). We assume the parties' familiarity with the underlying facts and procedural history in this case and note that this was Zhang's fifth motion filed before the BIA.

We review the BIA's denial of a motion to reopen or reconsider for abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). Here, the BIA reasonably denied Zhang's motion to reconsider because she failed to show any error in fact or law in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1); *Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 90 (2d Cir. 2001). Contrary to Zhang's arguments, the BIA reasonably declined to credit her unauthenticated evidence based on the IJ's underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146-49 (2d Cir. 2007). Furthermore,

the BIA did not err in finding no error in fact or law in its prior decision, where it relied on State Department reports, noted that Zhang voluntarily sent her United States citizen child back to China, and highlighted other authenticity concerns with her evidence, to conclude that Zhang failed to overcome the prior adverse credibility determination with credible evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 471 F.3d 315, 342 (2d Cir. 2006); *Tu Lin v. Gonzales*, 446 F.3d 395, 400 (2d Cir. 2006); *Melgar de Torres v. Reno*, 191 F.3d 307, 313 (2d Cir. 1999).

With respect to her untimely and number-barred motion to reopen, the BIA did not abuse its discretion in finding that Zhang failed to establish either a change in country conditions or her *prima facie* eligibility for relief. *See Kaur*, 413 F.3d at 233. The BIA also reasonably noted that Zhang failed to attach an updated asylum application to her motion, which is a requirement of establishing *prima facie* eligibility. *See* 8 C.F.R. § 1003.2(c)(1); *see also INS v. Abudu*, 485 U.S. 94, 104-05 (1988) (failure to establish *prima facie* eligibility for relief is a ground upon which a motion to reopen may be denied). In addition, the BIA considered the evidence she submitted, and, in light of the

3

prior adverse credibility determination as well as evidentiary and authenticity concerns, reasonably concluded that she failed to establish a material change in country conditions in China based either on her Falun Gong practice or the family planning policy. *See Wei Guang Wang v. BIA,* 437 F.3d 270 (2d Cir. 2006); *Jian Hui Shao v. Mukasey,* 546 F.3d 138, 161-62 (2d Cir. 2008).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk